THE STATE OF OHIO, APPELLEE, *v.* HOWE, APPELLANT.

[Cite as *State v. Howe* (1995), 73 Ohio St.3d 35.]

(No. 95–455—Submitted June 6, 1995—Decided August 9, 1995.)

*Mathias H. Heck, Jr.*, Montgomery County Prosecuting Attorney, and *Carley J. Ingram*, Assistant Prosecuting Attorney, for appellee.

*Weston L. Howe, Jr., pro se.*

*Per Curiam.* The sole question before this court is whether the court of appeals erred in dismissing appellant's application to reopen for lack of jurisdiction. S.Ct.Prac.R. II(2)(D)(1) states: "After an appeal is perfected from a court of appeals to the Supreme Court, the court of appeals is divested of jurisdiction, except to take action in aid of the appeal, to rule on an application for reconsideration filed with the court of appeals pursuant to Rule 26 of the Rules of Appellate Procedure, or to rule on a motion to certify a conflict under Article IV, Section 3(B)(4) of the Ohio Constitution."

An application to reopen under App.R. 26(B) must be filed within ninety days of journalization of the appellate judgment, and is an available remedy for a criminal defendant to argue ineffective assistance of counsel. Appellant, in his application to reopen, argues ineffective assistance of appellate counsel. Clearly, appellant filed an application to reopen pursuant to App.R. 26(B), and did not file an application for reconsideration under App.R. 26(A). Therefore, appellant's notice of appeal to this court divested the appellate court of jurisdiction to rule upon his application to reopen, and the court of appeals properly dismissed appellant's application to reopen.

The judgment of the court of appeals is therefore affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.