STATE of Ohio, Appellee,

v.

AYALA, Appellant.

[Cite as *State v. Ayala* (1996), 111 Ohio App.3d 627.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

Nos. 95APA02–145 and 95APA02–165.

Decided June 11, 1996.

*Michael Miller,* Franklin County Prosecuting Attorney, and *Steven L. Taylor,* Assistant Prosecuting Attorney, for appellee.

*David H. Bodiker,* Ohio Public Defender, and *Lori J. Rankin,* Assistant Public Defender, for appellant.

---

PETREE, Presiding Judge.

This matter is before this court upon the motion for reconsideration filed by defendant, David Ayala, requesting that this court reconsider the denial of defendant's application for reopening his direct appeal.

On January 24, 1996, defendant submitted an application for reopening his direct appeal. At the time defendant filed his application for reopening in this court, defendant had already filed a notice of appeal to the Supreme Court of

Ohio. On April 23, 1996, this court denied defendant's application to reopen on the grounds that, pursuant to S.Ct.Prac.R. II(2)(D)(1) and *State v. Howe* (1995), 73 Ohio St.3d 35, 652 N.E.2d 193, this court was divested of jurisdiction to determine the merits of defendant's claims. However, effective April 1, 1996, the Supreme Court of Ohio amended S.Ct.Prac.R. II(2)(D)(1) to provide that appellate courts retain jurisdiction to rule on applications to reopen even though a defendant has perfected an appeal to the Supreme Court of Ohio. Because this court did not render its decision until after April 1, 1996, the amended rule should have been applied to defendant's application. Thus, pursuant to amended S.Ct.Prac.R. II(2)(D)(1), our memorandum decision denying defendant's application for reopening is hereby vacated. Accordingly, we will now proceed to a consideration of the merits of defendant's application to reopen.

In *State v. Murnahan* (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204, the Supreme Court of Ohio set forth a procedure for filing a motion for reconsideration after the normal time for filing for reconsideration expires. A criminal defendant may raise a claim of ineffective assistance of appellate counsel by applying for "delayed reconsideration" of his direct appeal in the court of appeals where the alleged ineffective assistance of counsel occurred. App.R. 26(B), which became effective July 1, 1993, now sets forth a procedure mandated by *Murnahan,* under the heading "Application for Reopening."

Bringing an application for delayed reconsideration is a two-stage process. *Id.* In the first stage, the court of appeals must determine, based upon defendant's application, affidavits and portions of the record before it, whether the defendant has set forth a colorable claim of ineffective assistance of appellate counsel and, if so, whether the ineffective assistance of counsel prejudicially affected the outcome of defendant's direct appeal. *Id.* If the court of appeals determines that defendant has made the requisite showing, the court shall then reinstate defendant's direct appeal, commencing the second stage of the process.

Defendant now claims his original appellate counsel was ineffective for failing to bring the following new assignments of error:

"I. The trial court imposed an unlawful sentence on the firearm specifications.

"II. The trial court erred in admitting an identification obtained through impermissibly suggestive techniques.

"III. The trial court erred in denying a mistrial for misconduct by the prosecutor and a prosecution witness during the jury view.

"IV. The prosecutor made improper statements during closing arguments."

During the second stage of the process, defendant must establish that a prejudicial error was made during his trial, and that his appellate counsel was

ineffective within the meaning of *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, for having failed to raise or effectively argue the error on direct appeal. To proceed on a claim of ineffective assistance of counsel, a defendant must first show that his counsel's performance was so deficient that it was unreasonable under prevailing professional norms. *Id.* at 687–688, 104 S.Ct. at 2064–2065, 80 L.Ed.2d at 693; *State v. Seiber* (1990), 56 Ohio St.3d 4, 11, 564 N.E.2d 408, 417–418. A defendant must then show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland* at 694, 104 S.Ct. at 2055–2056, 80 L.Ed.2d at 698. Therefore, an application for reopening must set forth facts sufficient to establish a colorable claim that appellate counsel's conduct was unreasonable under prevailing professional norms and that there is a reasonable probability that, but for that unprofessional conduct, the appeal would have resulted in a reversal.

By the first assignment of error, defendant argues that appellate counsel was ineffective in failing to assert that the trial court should have sentenced him to only one three-year term of actual incarceration on the firearm specifications. For the reasons that follow, this court disagrees.

R.C. 2929.71 is a sentencing statute which provides:

"(B) If an offender is convicted of, or pleads guilty to, two or more felonies and two or more specifications charging him with having a firearm on or about his person or under his control while committing the felonies, each of the three-year terms of actual incarceration imposed pursuant to this section shall be served consecutively with, and prior to, the life sentences or indefinite terms of imprisonment imposed * * * unless any of the felonies were committed as part of the same act or transaction. If any of the felonies were committed as part of the same act or transaction, only one three-year term of actual incarceration shall be imposed for those offenses, which three-year term shall be served consecutively with, and prior to, the life sentences or indefinite terms of imprisonment imposed * * *."

Pursuant to R.C. 2929.71(B), only one three-year term of actual incarceration may be imposed when it is determined that the acts giving rise to the convictions were committed as part of the "same act or transaction." Although the term "transaction" has not been defined by the General Assembly, the Supreme Court of Ohio, in *State v. Wills* (1994), 69 Ohio St.3d 690, 635 N.E.2d 370, adopted the test set forth by the Summit County Court of Appeals and defined "transaction" as " 'a series of continuous acts bound together by time, space and purpose, and directed toward a single objective.' " *Id.* at 691, 635 N.E.2d at 371, citing *State v. Caldwell* (Dec. 4, 1991), Summit App. No. 14720, unreported, at 26–27, 1991 WL 259529.

■ By applying this standard to the instant case, we conclude that the kidnappings of Carla Jones and Chris Bivens and the aiding and abetting of the aggravated murder of James Wilson were not part of a series of continuous acts. The offenses involved separate locations and thus were not "bound together" by time or space. The kidnappings of Jones and Bivens occurred inside Bell's residence and were effectively concluded when defendant and Nabinger left Bell's home and allowed Bell to free Jones and Bivens. Defendant aided and abetted the murder of Wilson both inside and outside Bell's residence. Furthermore, the complicity to aggravated murder was not completed until Nabinger drove Wilson and Richardson to another location and murdered Wilson.

■ Moreover, the crimes involved different victims. When felonies are committed against two different victims, the trial court may properly impose consecutive firearm specification sentences. *State v. Malone* (Dec. 23, 1992), Hamilton App. No. C–920177 unreported, 1992 WL 390180.

Finally, we do not agree that the law of the case is that the offenses for which the three-year sentences were imposed were part of a single transaction. This court did not state that the kidnappings of Jones and Bivens were "directly associated" with the murder of Wilson; rather, this court's opinion referred only to the kidnapping, robbery and murder of Wilson when discussing the direct association issue. Indeed, this court reviewed only the charge of complicity to aggravated murder, not the kidnapping charges involving Jones and Bivens. For all the foregoing reasons, the first assignment of error is overruled.

By the second assignment of error, defendant contends that appellate counsel was ineffective in failing to raise on appeal the trial court's denial of defendant's motion to suppress Richardson's April 12, 1994 identification of defendant on the grounds that the identification was obtained through impermissibly suggestive techniques. Richardson identified defendant in the September 1993 photo array only as someone she knew as "Little Man" and was not absolutely certain that defendant was involved in the incident. However, during the interview conducted on April 12, 1994, she positively identified defendant as the second man involved in the incident.

■ Defendant contends that the second identification was obtained through impermissibly suggestive techniques. Generally, an identification will be suppressed only when the allegedly "suggestive" methods used by the police have rendered the identification unreliable under the totality of the circumstances. *State v. Williams* (1995), 73 Ohio St.3d 153, 164, 652 N.E.2d 721, 731. Upon review of the record, we find nothing suggestive in the manner in which the detective conducted the second interview. Defendant argues that Richardson's testimony establishes that the detective contacted Richardson on several occa-

sions prior to the second interview and that these contacts made Richardson's identification unreliable. However, the detective testified that he did not recall contacting Richardson between the September 1993 interview and the April 12, 1994 interview. Moreover, assuming Richardson was truthful in stating that the detective had contacted her, she indicated that the detective spoke to her only regarding her physical condition, to inform her of upcoming court dates and, on one occasion, to ask her if she was positive about her identification of defendant. Accordingly, defendant's second assignment of error is overruled.

By the third assignment of error, defendant asserts that appellate counsel was ineffective in failing to raise on appeal the trial court's denial of defendant's motion for mistrial on the grounds of misconduct by the prosecutor and a prosecution witness during the jury view.

Initially, we note that the grant or denial of a motion for mistrial is within the sound discretion of the trial court. *State v. Garner* (1995), 74 Ohio St.3d 49, 656 N.E.2d 623. Absent a showing that the accused has suffered material prejudice, an appellate court will not disturb the exercise of that discretion. *State v. Sage* (1987), 31 Ohio St.3d 173, 182, 31 OBR 375, 382–383, 510 N.E.2d 343, 349–350.

Upon return from the jury view, counsel for defendant moved for a mistrial based on the alleged improper conduct of the prosecutor and the detective during the jury view. More specifically, defense counsel complained that the prosecutor had pointed out two bullet holes on the outside of the warehouse. However, the prosecutor stated that she pointed to the bullet marks only because the bailiff seemed to be confused as to their exact location. The trial court determined that defendant suffered no prejudice in that the prosecutor made no statements arguing the case to the jury, and the bullet holes would have been properly pointed out by the bailiff in any event.

Defense counsel also complained that the prosecutor asked the bailiff to show the jurors a nearby vacant lot, even though the vacant lot was not included on the written list of locations to be viewed. However, the prosecutor noted that the vacant lot was included on the written list. Moreover, the trial court indicated that even if the lot was not included on the written list, it was nonetheless important that the jury be shown the lot.

Defense counsel also complained that the prosecutor moved an object so that the jury could see one of the bullet holes. However, the prosecutor denied that she moved the object in the presence of the jury. Furthermore, the prosecutor stated that she showed the bullet hole to the bailiff, not to the jury.

Finally, defense counsel complained that the detective who was present at the jury view to open up the crime scene attempted to say something to one of

the jurors. However, before the detective said anything of any consequence, the bailiff apprised the detective that he was not to speak to the jurors. The trial court concluded that no prejudice resulted from this aborted conversation.

■ "Mistrials need be declared only when the ends of justice so require and a fair trial is no longer possible." *State v. Franklin* (1991), 62 Ohio St.3d 118, 127, 580 N.E.2d 1, 9. Nothing in the record supports defendant's contention that he was not afforded a fair trial as a result of the actions of the prosecutor and detective during the jury view. The trial court did not abuse its discretion in failing to declare a mistrial. Accordingly, the third assignment of error is overruled.

■ By the fourth assignment of error, defendant raises claims of prosecutorial misconduct during closing argument. Although defendant refers to transcript pages wherein the alleged errors occurred, he has neglected to provide that portion of the record concerning closing arguments. App.R. 26(B)(2)(e) expressly places the burden for providing the file and record upon the defendant:

"An application for reopening *shall* contain *all* of the following:

" * * *

"(e) Any parts of the record available to the applicant and all supplemental affidavits upon which the applicant relies." (Emphasis added.)

Furthermore, this court has previously found that in a *Murnahan* appeal, the burden of providing the file and record falls upon appellant. *State v. Burge* (1993), 88 Ohio App.3d 91, 94, at fn. 1, 623 N.E.2d 146, 148, at fn. 1. Having no record of what occurred during closing arguments, we have no basis on which to evaluate defendant's claims of prosecutorial misconduct. Accordingly, the fourth assignment of error is overruled.

Defendant raises claims of ineffective assistance of appellate counsel for what amounts to a failure to advance claims of error that are without merit. Defendant does not show prejudice or any conformity to the requirements established in *Strickland, supra.*

Based upon the foregoing, defendant's application for reconsideration of this court's April 23, 1996 decision is sustained. However, having overruled all of defendant's assignments of error, we hereby deny defendant's application for reopening.

*Application for reconsideration*
*sustained; application for*
*reopening denied.*

TYACK and LAZARUS, JJ., concur.