[This opinion has been published in *Ohio Official Reports* at 76 Ohio St.3d 396.]

THE STATE OF OHIO, APPELLEE, *v.* HOWE, APPELLANT.

[Cite as *State v. Howe*, 1996-Ohio-55.]

*Appellate procedure—Application for reopening appeal from judgment and conviction based on claim of ineffective assistance of appellate counsel— Application denied when no genuine issue is raised as to whether applicant was denied the effective assistance of appellate counsel— Petition for postconviction relief—Allegation that co-defendants were coerced into falsely implicating petitioner in crimes for which he was convicted—Petition denied when allegations of coerced testimony were satisfactorily rebutted by trial record.*

(Nos. 96-468 and 96-676—Submitted May 21, 1996—Decided August 21, 1996.)

APPEALS from the Court of Appeals for Montgomery County, Nos. 13969 and 15139.

_____

{¶ 1} In March 1993, appellant Weston Howe, Jr., was convicted of aggravated murder, aggravated robbery, aggravated burglary and having a weapon under disability, and was sentenced to prison. Upon appeal, the convictions were affirmed. *State v. Howe* (Sept. 30, 1994), Montgomery App. No. 13969, unreported.

{¶ 2} In case No. 96-468, on December 21, 1994, appellant filed an application to reopen his appeal pursuant to App.R. 26(B), alleging ineffective assistance of appellate counsel. However, the court of appeals was unable to rule on the application because pending appeals before this court divested it of its jurisdiction under S.Ct.Prac.R. II (2)(D)(1). See *State v. Howe* (1995), 73 Ohio St.3d 35, 652 N.E.2d 193. Eventually, the court of appeals obtained jurisdiction to rule on appellant's App.R. 26(B) application. On January 24, 1996, the court of

appeals denied the application, finding no genuine issue as to whether appellant was denied the effective assistance of appellate counsel. Appellant appeals that denial to this court.

{¶ 3} With respect to case No. 96-676, on July 8, 1994, appellant filed a petition for postconviction relief before the court of common pleas. The petition was supported by an affidavit from a co-defendant, alleging that appellant's co-defendants were coerced into falsely implicating appellant in the crimes for which he was convicted. After reviewing the record of the criminal proceeding involving appellant and his co-defendants, the trial court dismissed the postconviction relief petition without a hearing.

{¶ 4} Upon appeal, the court of appeals affirmed the trial court's dismissal of postconviction relief in case No. 96-676 in the same opinion in which it rejected appellant's application to reopen in case No. 96-468. The court of appeals found the co-defendant's allegations of coerced testimony were satisfactorily rebutted by the trial record. See *State v. Brooks* (Mar. 10, 1994), Cuyahoga App. No. 65088, unreported (appeal dismissed [1994], 70 Ohio St.3d 1425, 638 N.E.2d 87). This appeal followed.

––––––––––––––––––

*Mathias H. Heck, Jr.*, Montgomery County Prosecuting Attorney, and *George A. Katchmer*, Assistant Prosecuting Attorney, for appellee.

*Weston L. Howe, Jr.*, *pro se*.

––––––––––––––––––

***Per Curiam.***

{¶ 5} We affirm the judgments of the court of appeals for the reasons stated in its opinion.

*Judgments affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and STRATTON, JJ., concur.

January Term, 1996

---