OPINION
Defendant-appellant, Sammy Hilton, appeals a conviction entered upon a jury verdict in the Butler County Court of Common Pleas on November 19, 1996. We affirm.
Appellant and Shawn Heatherly were accused of robbing Ronnie Paul on May 24, 1996 outside of a Dairy Mart in Hamilton, Ohio. Paul testified that Heatherly demanded that Paul give him two dollars. Paul told Heatherly that he "needed it for gas and stuff." Heatherly responded by saying "you don't want me to go buck wild" and "obviously you don't know me too well." Paul gave Heatherly the two dollars, but Heatherly said: "You're getting ready to know me now."
Paul testified that Heatherly and appellant then began wrapping gang colored bandannas around their knuckles. Paul also testified that "they both started hitting me," and that he was eventually knocked unconscious. When Paul regained consciousness, he noticed that Heatherly and appellant were no longer around, and that his hat and eight dollars were missing.
Appellant was found guilty of robbery, a violation of R.C.2911.02(A). Appellant appeals this decision and presents a single assignment of error.
 THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT REFUSED TO GRANT A MISTRIAL.
Appellant argues that the trial court had a duty to declare a mistrial because the "arguments of counsel" prevented the jury from adequately deciding the issues in the case. Appellant also claims that heated arguments took place between the prosecutor and appellant's counsel, which caused the jury to be sidetracked from the trial's issues. Appellant also contends that the prosecutor made improper comments by stating his personal opinions.
The decision whether to grant a mistrial lies within the sound discretion of the trial court. State v. Garner (1995), 74 Ohio St.3d 49,59. Mistrials need be declared only when the ends of justice so require and a fair trial is no longer possible. State v. Ayala (1996), 111 Ohio App.3d 627, 634, quoting State v. Franklin (1991), 62 Ohio St.3d 118, 127.
A new trial may be granted for misconduct by the prosecuting attorney. Crim.R. 33(A)(2). The test for prosecutorial misconduct is whether the remarks were improper, and, if so, whether they prejudicially affected the substantial rights of the accused. State v. Eley (1996), 77 Ohio St.3d 174, 187. While prosecutors are given wide latitude in closing arguments, State v. Bailey (June 9, 1997), Preble App. No. CA96-12-020, unreported, at 9, it is improper for an attorney to express his or her personal belief or opinion as to the credibility of a witness or as to the guilt of the accused. State v. Williams (1997), 79 Ohio St.3d 1, 12.
At appellant's trial during the state's closing arguments, appellant's counsel requested a mistrial "based upon the totality of his closing argument." Appellant's counsel also claimed that the prosecution improperly gave his opinion and talked about "punishment." The trial court overruled appellant's motion for a mistrial.
After having thoroughly reviewed the record, we find no comments by the prosecutor that would warrant a reversal of appellant's conviction. The record indicates that appellant received a fair trial, that the closing arguments were generally within the bounds of propriety, and that any error committed by the prosecutor was clearly nonprejudicial. Eley,77 Ohio St.3d at 188. Also, the jury was given proper instructions by the judge on what factors they should consider when deciding the case, and we must assume that the jurors followed the court's instructions. State v. Loza (1994) 71 Ohio St.3d 61, 79, certiorari denied (1995) ___ U.S. ___, 115 S.Ct. 1983. Accordingly, appellant's sole assignment of error is overruled.
YOUNG, P.J., and POWELL, J., concur.