OPINION
Michael Black was charged with one count of sexual imposition, a third degree misdemeanor, against Misty Partin in one case and against Melissa Morefield in another case. Both offenses were alleged to have occurred on the same night of January 22, 1998, and the cases were joined for trial. After a bench trial, the court found Black guilty in both cases and appropriately sentenced him. Black appealed in both cases, and they were joined for purposes of the appeal.
Black presents the following two assignments of error on appeal:
 1. THE CONVICTIONS SHOULD BE REVERSED BECAUSE THE TRIAL COURT IMPROPERLY ADMITTED EVIDENCE THAT APPELLANT HAD COMMITTED OTHER ACTS OF A SEXUAL NATURE WITH MISTY, THUS DENYING APPELLANT DUE PROCESS OF LAW UNDER THE OHIO AND UNITED STATES CONSTITUTIONS.
 2. THE TRIAL COURT VIOLATED APPELLANT'S CONSTITUTIONAL RIGHT TO A FAIR TRIAL WHEN IT FAILED TO CONDUCT AN ADEQUATE INQUIRY INTO ALLEGED MISCONDUCT BY THE TWO VICTIM WITNESSES.
The first assignment of error concerns a line of questioning by the prosecutor on redirect examination of the complaining witness, Misty Partin, as follows:
BY MR. MAYER:
 Q. I just have a few more questions for you. Why did you lock the bathroom door?
 A. Because I didn't want him putting his hand in the door anymore.
 Q. Ms. Cushman had some questions to you about your grandma and speaking with Detective Eckert previously. Do you remember that testimony or that line of questioning?
A. Yes.
Q. Approximately how old were you when that occurred?
A. I was around 13.
 Q. Was there any other time that you met with Detective Eckert reference a Complaint against someone and their activities?
A. Many times.
 Q. Did you make some Complaints against Michael Black, your father, to Detective Eckert after —
MS. CUSHMAN: Objection to this line of questioning.
THE COURT: Basis?
 MS. CUSHMAN: Any past history of my client at this point in regards to anything he might have done, any criminal history, would be irrelevant.
 MR. MAYER: Your Honor, the Defendant opened the door on this. She brought it up. I think her point was to try to make known that Misty has made Complaints before and recanted. She opened the door wide on this. She asked specifically about police Complaints involving sexual activity. I certainly have the right then to ask about other Complaints she has made regarding sexual activity.
 MS. CUSHMAN: Your Honor, I specifically inquired as to whether or not she had made any about her grandmother. I did not ask anything about with her father.
 MR. MAYER: Your Honor, the line of questioning was offered to show that Misty makes these Complaints and then recants. Well, if she is going to ask about one specific time Misty made a Complaint, I have the right to ask about any other time she made a Complaint.
 THE COURT: Wasn't that the purpose of your questioning?
 MR. CUSHMAN: About her grandmother, yes, it was, your Honor.
 THE COURT: Then I'm going to allow this line of questioning as well.
The trial court during the recross examination of Partin called both counsel to the bench and at a sidebar explained the court's decision to allow that line of testimony, as follows:
AT THE SIDE BAR
 THE COURT: I want to make it very clear that the reason that I allowed Mike Mayer, Mr. Mayer, to get into the questioning which I allowed was because Ms. Cushman had previously brought up allegations that Mrs. Partin made against her grandmother. It was clear that the reason it was brought up was to challenge the credibility of the witness as to whether or not she makes such allegations and then recants them. That was the intention of letting Mr. Mayer go ahead then and bring it up, Did she make previous allegations against Mr. Black and then recant? We are not here to retry all of these cases. I don't want to get into all of the details on all of these allegations. I think the point has been made, and if you want to clear it up again, that is fine, Did she make the allegations against Mr. Black and then later recant them? Go ahead and ask her that question. But I really don't want to get into the details. And I'll be very honest about this. I have no intention of letting any allegations of prior offenses enter into any decision that is made here. I'm going to make this decision on what, if anything, happened this particular night and whether he is guilty of Sexual Imposition just from this event. The only way I would even allow any of this in is to see whether or not it did impeach her in any way.
MS. CUSHMAN: Okay.
 THE COURT: So, rather than going into all the details, let's get to that. If you have any more questions relating to her credibility, go for it in other ways. Let's get off the subject.
A trial court has broad discretion in determining the admissibility of evidence, and such evidentiary rulings will not be reversed on appeal absent a clear abuse of discretion which is materially prejudicial to an objecting party. State v. Sage
(1987), 31 Ohio St.3d 173; State v. Hymore (1967), 9 Ohio St.2d 122,127, 38 O.O.2d 298, 302. An abuse of discretion "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." State v.Adams (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 173. It seems apparent from the record that Black's counsel did indeed "open the door" to the line of questioning engaged in by the prosecutor, who was attempting to rehabilitate the credibility of the witness. We find no abuse of discretion by the trial court in its ruling on the issue.
The first assignment of error is overruled.
In the second assignment of error, Black is challenging the adequacy of the trial court's inquiry into an allegation of witness misconduct. This assignment refers to testimony made under oath before the court in chambers by Ronald Lee Black, who is a brother of the defendant, that he saw Misty Partin and Melissa Morefield talking together outside the courtroom, and that he heard Misty say something to Melissa about some testimony that she wanted Melissa to provide when she became a witness. Black was examined and cross-examined. At the end of the in-chambers hearing, the court advised the prosecution to ask Melissa Morefield, when she takes the stand, "a few questions beforehand about this situation first." Tr. 107.
Melissa was indeed the next witness when the court convened in its courtroom and, indeed, the prosecution reminded Melissa that they were not to discuss what was said in court with anyone else. She acknowledged hearing that, but absolutely denied speaking to anybody about what the testimony would be in court. Counsel for Black did not raise the issue at all when she cross-examined Melissa. Subsequently, at the end of the trial, Black's counsel moved for a mistrial "because of misconduct of the witnesses for the State, as testimony was given in chambers." Tr. 196. In rebuttal, the prosecution pointed out the failure of Black's counsel to even question Melissa about the issue. The court denied the motion, stating that "evidence was not compelling enough. And then when Ms. Morefield came out to testify, she was questioned about it and denied it, and the court finds that there was no evidence of any misconduct;" Tr. 197.
It is settled law in Ohio that the grant or denial of a motion for mistrial is within the sound discretion of the trial court. State v. Ayala (1996), 111 Ohio App.3d 627; State v.Garner (1995), 74 Ohio St.3d 49. A reviewing court "grants great
deference to the trial court's discretion in this area, in recognition of the fact that the trial judge is in the best position to determine whether the situation in his courtroom warrants the declaration of a mistrial." State v. Glover (1988),35 Ohio St.3d 18, 19 (emphasis supplied). Without a showing that the accused has suffered material prejudice, an appellate court will not disturb the trial court's discretion on the issue of mistrial. State v. Ayala, supra; State v. Sage, supra. Here, Black's counsel failed to argue material prejudice, and we can see no abuse of discretion on the part of the trial court in denying the motion for a mistrial. The trial court clearly inquired into the alleged misconduct and, if any inadequacy is present, it would seem to be on the part of Black's trial counsel who failed to pursue the issue when Melissa was on the witness stand.
The second assignment of error is overruled, and the judgment is affirmed.
WOLFF, J. and FAIN, J., concur.
Copies mailed to:
Michael A. Mayer
John H. Rion
Hon. Catherine M. Barber