OPINION
Mr. Kotronis is appealing from his conviction and sentence for possession of cocaine after a jury trial. The criminal docket statement attached to his timely appeal lists four probable issues for review, but only one is assigned as error and argued on this appeal. (Docket 25).
We will dispense with the recitation of the facts which formed the basis of the charge and the conviction since the only issue concerns the conduct of one of the twelve jurors during the court's polling of the jury, or, as presented in the appellant's brief:
 ASSIGNMENT OF ERROR THE TRIAL COURT ERRED BY ACCEPTING THE JURY VERDICT AFTER POLLING THE JURY INDICATED THAT THE VERDICT WAS AT BEST EQUIVOCAL.
ISSUE PRESENTED:
 Whether the trial court should have required the jury to further deliberate once a poll of the jury indicated equivocation by at least one juror or, in the alternative, granted defendant's motion for a mistrial.
In virtually identical language from both briefs, the parties agree on the law to be applied in this case on this issue. The following paragraph from the appellee's brief correctly summarizes the applicable law:
 As Appellant correctly states in his brief, Crim.R. 31 and R.C. 2945.77 grant a party the right to poll a jury following the reading of its verdict in order to verify that the jurors unanimously agree to the verdict as stated in open court. If, during the polling process, there appears to be uncertainty on the part of any juror, the trial judge has a duty to resolve the doubt. State v. Sneed (1992), 63 Ohio St.3d 3, 14. In an effort to resolve the doubt, the court may question a juror to clarify his answer during the polling process. State v. Brown
(1953), 110 Ohio App. 57, 61; State v. Brumback (1996), 109 Ohio App.3d 65, 72. In Emmert v. State (1933), 127 Ohio St. 235, the Ohio Supreme Court stated that when interrogation, without coercion or undue pressure, results in rehabilitation of a juror's verdict, the trial court may accept the verdict as the jury's true ascertainment of the defendant's guilt. Id.,
at 237-238. When a trial judge becomes convinced that the verdict is not, in fact, unanimous, the jury may be required to deliberate further, or may be discharged when the dissenting juror is so firmly entrenched in his position that it appears highly unlikely he will ever agree with the other jury members. State v. Worthy (Oct. 25, 1984), Franklin App. No. 84AP-390, unreported, *2; Crim.R. 31(D).
The colloquy between the court and juror number nine, William D. Gallagher, which forms the basis for this sole assignment of error, is as follows:
THE BAILIFF: William Gallagher, is this your Ver — Verdict?
MR. GALLAGHER: Yes, but under . . .
THE BAILIFF: Shelly . . .
MR. GALLAGHER: . . . protest.
THE BAILIFF: . . . Johnson, is this your Verdict?
MISS JOHNSON: Yes.
 MR. CICERO: Uh . . ., uh . . . Your Honor, may I interject, there was under protest.
 MR. GALLAGHER: Well, I — I say that only, Counselor, because some of the — we couldn't consider everything that happened. Uh . . . we could only consider the evidence that was there. And we had a — we had a discussion about that.
 I don't want to be embarrassed here or embarrass anybody, but . . .
MR. CICERO: I would ask the Court to inquire of the — [Inaudible] —
 JUDGE MARTIN: Well, you understand that you really don't have too much choice about what the Prosecutor puts on as evidence or the Defense?
MR. GALLAGHER: Yes, Your Honor, I understand that.
 JUDGE MARTIN: This is up to each attorney, and you must base your Verdict upon the evidence that you have heard, plus your common experience of your daily life, as a Juror, along with all the other twelve Jurors.
 Knowing that, that you cannot go outside of what you have, would this still be your Verdict, or would you not vote this way?
MR. GALLAGHER: Guilty.
 MR. CICERO: Your Honor, I don't think there's a camera on him right now. The record should reflect he was . . .
 JUDGE MARTIN: Well, you — you are not happy with your Guilty Verdict, judging by your expressions. Is that correct?
 I'm not saying that you have to be happy about it. Sometimes, we have duties that we have to do that are not pleasant, that — are you standing with your Verdict after . . .
MR. GALLAGHER: I . . .
JUDGE MARTIN: . . . what I . . .
MR. GALLAGHER: . . . guess so.
JUDGE MARTIN: . . . explained to you?
THE BAILIFF: Shall I continue?
JUDGE MARTIN: If you would continue.
(Tr. 221-223).
In a similar case, the Tenth District Court of Appeals found no abuse of discretion on the part of the trial judge in accepting a verdict as unanimous even when one of the jurors answered "I don't know" when asked whether it was her verdict. The trial court inquired further of that juror who, after expressing further hesitation of whether it was her verdict, finally stated unequivocally, yes, that it was her verdict. State v. Worthy
(Oct. 25, 1984), Franklin App. No. CA 84AP-390, unreported. The court in Worthy stated that the correct test was as follows:
 "* * * It has been recognized that where the juror indicates merely some degree of reluctance or reservation about the verdict, the proper course of action depends largely upon the discretion of the trial judge; that whether the juror has given his free and voluntary assent, or whether his reluctance to assent is so strong that it is extremely unlikely that he will ever voluntarily agree to the verdict, must be determined by the trial judge not only from the exact words used by the juror, but from all the circumstances, including the juror's expression and demeanor; and that in the absence of extraordinary circumstances compelling a conclusion to the contrary, the determination of the trial judge will not be disturbed on appeal." See Annotation, Juror's Reluctant, Equivocal, or Conditional Assent to Verdict, 25 ALR 3d 1149, at 1151-1152. Id., 2. (Emphasis supplied).
After reading the afore-quoted colloquy between the court and juror number nine, we can find no abuse of discretion on the part of the trial court in accepting the verdict as being unanimous. Juror number nine's hesitation seemed to be based on his suspicion that not all the facts had been presented to the jury, but he ultimately acknowledged that he joined in the verdict of guilty. Moreover, the judge's questions certainly do not seem to be intimidating or coercive. He was merely pointing out to juror number nine that he had to make a decision based upon the evidence that was submitted to the jury. If this particular juror felt that the evidence was insufficient to convict, then obviously he would have voted not guilty. He didn't. He ended up orally reaffirming his signature of guilty on the verdict form. Appellant incorporates in its assignment of error the overruling of his motion for a mistrial, which was made orally to the court after the jury was excused. Tr. 228. The court overruled the motion from the bench, stating:
 JUDGE MARTIN: Well, the Motion will be overruled. The jury has deliberated for well over an hour. The weather has settled down. It's not snowing. It's five o'clock, and they have plenty of daylight time to get home.
 Eleven members of the Jury were firm in their convictions about a Guilty Verdict. I think Mr. Gallagher was looking for evidence beyond what was presented. And, indeed, there may be gaps in the evidence that he saw that were important to him, that were not important to others.
 But I think he was satisfied that under all the circumstances — and I don't know for sure what all his motivations were, but he's not happy with his Jury service. I'm not asking any Juror to be happy with their Jury service. It's to do what they have to do and reach a Verdict on which all concur, and they all have concurred.
So, the Motion will be overruled.
(Tr. 229).
It is settled law in Ohio that the grant or denial of a motion for mistrial is within the sound discretion of the trial court. State v. Ayala (1996), 111 Ohio App.3d 627; State v.Garner (1995), 74 Ohio St.3d 49. A reviewing court "grants great
deference to the trial court's discretion in this area, in recognition of the fact that the trial judge is in the best position to determine whether the situation in his courtroom warrants the declaration of a mistrial." State v. Glover (1988),35 Ohio St.3d 18, 19 (emphasis supplied). Without a showing that the accused has suffered material prejudice, an appellate court will not disturb the trial court's discretion on the issue of mistrial. State v. Ayala, supra; State v. Sage (1987), 31 Ohio St.3d 173. Here, we can see no abuse of discretion on the part of the trial court in denying the motion for mistrial.
The assignment of error is overruled.
The judgment is affirmed.
BROGAN, J. and FAIN, J., concur.