DECISION AND JUDGMENT ENTRY
{¶ 1} This cause is before the court on appellant Michael Carpenter's pro se application to reopen the appeal from his convictions on one count of rape of a child under the age of thirteen by force or threat of force, a violation of R.C. 2907.02(A)(1)(b); five counts of rape, violations of R.C. 2907.02(A)(2); one count of gross sexual imposition, a violation of R.C. 2907.05(A)(4); and five counts of sexual battery, violations of R.C. 2907.03(A)(5). See State v. Carpenter, 2002-Ohio-2266.
 {¶ 2} Appellee, the state of Ohio, filed a response contesting the reopening of this appeal. Appellee contends, among other things, that because appellant filed a notice of appeal from our decision inCarpenter, this court lacks the jurisdiction to entertain appellant's application.
 {¶ 3} As a preliminary matter, we find that, pursuant to S.Ct.Prac.R. II(D)(1), this court is not divested of jurisdiction to consider appellant's application for reopening. Accord, State v. Ayala
(1996), 111 Ohio App.3d 627, 629-630. We now turn to the merits of appellant's application.
 {¶ 4} App.R. 26(B)(5) provides for the reopening of an appeal based on a claim of ineffective appellate assistance if the applicant can show "a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." Strickland v. Washington
(1984), 466 U.S. 668, provides a two-pronged standard for determining an ineffective assistance of counsel claim. The defendant must show that counsel's representation was deficient, and that there is a reasonable probability that, but for counsel's deficient performance of his or her duties, the result of the proceeding would have been different. Id. at 687-688. A defendant's failure to satisfy one prong of the Strickland
test negates a court's need to consider the other. Id. at 697. In applying Strickland, we conclude that appellant raises a genuine issue of ineffective assistance of counsel, on some, but not all, of the questions presented in his application.
 {¶ 5} Appellant first argues that appellate counsel's performance was deficient because he failed to file a transcript of the hearing on his motion to suppress. On appeal, appellant's Assignment of Error No. VII asserted that the trial court erred in denying appellant's motion to suppress evidence seized from his residence. The sole argument in support of this assertion was the fact that the search warrant was executed on November 7, 1999 but was purportedly signed by the issuing judge on November 8, 1999. We determined that appellant's failure to file a transcript of the suppression hearing prevented our review of this issue.
 {¶ 6} The Ohio Rules of Appellate Procedure place the burden upon an appellant to produce and file those parts of the record necessary for the determination of an appeal. App.R. 9(B); Rose Chevrolet, Inc. v.Adams (1988), 36 Ohio St.3d 17, 19. Thus, it would appear that appellate counsel's performance was deficient because he failed to satisfy his duty to submit a transcript of the motion to suppress hearing for the purpose of appeal. Accordingly, appellant has presented a genuine issue as to whether he was deprived of effective assistance of appellate counsel in this regard.
 {¶ 7} Next, appellant maintains that his appellate counsel was ineffective because he failed to file a transcript of his sentencing hearing. In his Assignment of Error No. VIII, appellant contended that the trial court failed to comply with the sentencing guidelines found in R.C. Chapter 2929 in imposing maximum and consecutive sentences. For the following reasons, we grant appellant's application for reopening on the alleged sentencing errors.
 {¶ 8} After a jury trial, appellant was found guilty of the named offenses. On April 28, 2000, the trial court apparently held a sentencing hearing. A copy of the transcript of this hearing was not included in appellant's appeal. Carpenter, supra.
 {¶ 9} In its final judgment entry, the lower court imposed a mandatory life sentence for the violation of R.C. 2907.02(A)(1)(b), five maximum ten year sentences for the violations of R.C. 2907.02(A)(2), and a maximum eighteen month sentence for the violation of R.C. 2907.05(A)(4). The court ordered that these sentences be served consecutively. In addition, the court imposed five two year nonmaximum sentences for the violations of R.C. 2907.03(A)(5) and ordered that these sentences be served concurrently, both with each other and with the consecutive sentences. Id.
 {¶ 10} Pursuant to R.C. 2929.14(C), a court may impose the maximum prison term on offenders falling into one of four categories. Likewise, when multiple prison terms are imposed on an offender, a trial court may require the offender to serve those prison terms consecutively. R.C.2929.14(E)(4). The court is required, however, to "make a finding that gives its reasons" for the imposition of maximum and consecutive sentences. R.C. 2929.19(B)(2)(c). Thus, specific findings, as set forth in R.C. 2929.14(C) and (E)(4), and the reasons for those findings must appear in the record of such a case. State v. Arnett (2000),88 Ohio St.3d 208, 217; State v. Edmonson (1999), 86 Ohio St.3d 324,326.
 {¶ 11} The rule followed by this court allows a trial court to state the two necessary findings and reasons in the its judgment entry on sentencing, State v. Massie (Oct 5, 2001), Huron App. No. H-00-031 andState v. Walk (Dec. 29, 2000), Erie App. No. E-97-079, and/or to orally state the required findings and reasons at the sentencing hearing, Statev. Akers (June 2, 2000), Sandusky App. No. S-99-035 (Citations omitted.).
 {¶ 12} Here, the trial court's judgment entry, in imposing consecutive sentences, makes only two of the requisite three findings found in R.C. 2929.14(E), and fails to state any reasons for those findings. Furthermore, our review of that entry fails to reveal any findings, as set forth in R.C. 2929.14(C), or reasons for those findings in sentencing appellant to the maximum terms of imprisonment on some of his convictions. Consequently, we find that a transcript of the sentencing hearing, which may or may not contain the mandated findings and reasons, was crucial to our review of the trial court's alleged sentencing errors. We therefore conclude that appellant has presented a genuine issue as to whether he was deprived of effective assistance of appellate counsel on this question. Accord, State v. Reid (Sept. 26, 2001), Summit App. No. 20075 (appeal reopened based upon appellant's claim of ineffective assistance of counsel for failure to have a transcript of his sentencing hearing transmitted to the appellate court).
 {¶ 13} Appellant's Assignment of Error No. IX asserted that the trial court erred in determining that appellant is a sexual predator. Specifically, he claimed that the likelihood that he would commit an offense in the future was not demonstrated. Again, we held that, in the absence of a transcript of the sexual predator hearing, we must presume the validity of the proceedings below. Appellant now maintains that his appellate counsel was ineffective for failing to file that transcript[1].
 {¶ 14} At a sexual offender classification hearing, in order for the offender to be designated a sexual predator, the state must prove by clear and convincing evidence that the offender has been convicted of a sexually oriented offense and that the offender is likely to engage in the future in one or more sexually oriented offenses. R.C. 2950.01(E) and 2950.09(B)(3).
 {¶ 15} "Instead of deciding whether the offender is particularly deserving of punishment, the issue presented to the court at a sexual offender classification hearing is whether the defendant is likely to commit future sexually oriented offenses." State v. Eppinger (2001),91 Ohio St.3d 158, 166. In deciding the likelihood of recidivism, a court must consider all relevant factors, including those relevant factors listed in R.C. 2950(B)(2). State v. Thompson (2001),92 Ohio St.3d 584, syllabus. While a court is not required to enumerate those factors considered in determining that a particular defendant is a sexual predator, it "is required to provide a general discussion of the factors so that the substance of the determination can be properly reviewed for purposes of appeal. * * * Such a discussion can be set forth on the record during the sexual offender hearing or in the court's judgment entry. * * *." State v. Randall (2001), 141 Ohio App.3d 160,165-166.
 {¶ 16} Indeed, in Eppinger, the Ohio Supreme Court held that a sexual predator determination is "confounding to review on appeal without an adequate record" and therefore set forth a model procedure to be used by trial courts in making this determination. Id. at 166-167. Thus, it is "critical" for a clear and accurate record to be created for review. Id. at 166.
 {¶ 17} In the present case, we had only the judgment entry for our review. Therefore, and based upon the foregoing law, we are compelled to conclude that appellant has demonstrated, pursuant to App.R. 26(B), that an genuine issue exists as to whether he was prejudiced by his appellate counsel's failure to file a transcript of the sexual predator hearing.
 {¶ 18} As to the remaining issues raised by appellant, they concern matters outside the record of this cause and, as such, are not the proper subject of an App.R. 26(B) application for reopening.
 {¶ 19} Accordingly, this appeal is hereby reopened, as provided in App.R. 26(B), for the limited purpose of reviewing the errors asserted in connection with the denial of appellant's motion to suppress and his sentencing[2] and sexual predator classification as set forth above. Appellant is granted 40 days from the date of this order to file the necessary transcripts. Upon the filing of said transcripts, the clerk shall file the appellate record, and this case will proceed thereafter according to the Appellate Rules.
APPLICATION GRANTED.
Melvin L. Resnick, J., Mark L. Pietrykowski, P.J., and George M.Glasser, J., CONCUR.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.
[1] Appellant further claims that the evidence offered at the sexual predator hearing also bolsters his contention that the jury's verdict on the rape charges is against the manifest weight of the evidence. However, even if such evidence exists in that transcript, it was not before the jury and would not, therefore, be considered by this court in resolving the manifest weight question raised in appellant's Assignment of Error No. I.
[2] This does not include the mandatory life sentence imposed pursuant to R.C. 2907.02(B). See R.C. 2929.14.