JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Kent Williams, appeals his conviction and the sentence handed down by the Cuyahoga County Court of Common Pleas, Criminal Division, on a charge of felonious assault on a police officer. For the reasons that follow, we affirm the decision of the trial court.
 {¶ 2} Appellant was indicted on May 12, 2003 for felonious assault with a peace officer specification, in violation of R.C.2903.11. A jury trial was held on June 13, 2003, and appellant was convicted as charged. The state presented three witnesses in its case: Venetia Draper and Cleveland Police officers Michael Cox and Matthew Slatkovsky. The defense presented only the testimony of the appellant. Appellant was subsequently sentenced to three years incarceration.
 {¶ 3} Appellant was initially taken into custody on March 19, 2003 when an off-duty Cleveland police officer, Michael Cox, observed a car being driven by a woman pull into a gas station located at East 125th Street and Kinsman with her car horn sounding. Officer Cox came to the woman's aid, and she told him that appellant had jumped into her car at East 123rd Street and instructed her to drive. The woman was able to keep her wits about her and drove to a public place; the appellant exited her vehicle when she attempted to summon help. Officer Cox then noticed the appellant running up to other cars on Kinsman Avenue attempting to get them to stop and let him in. He next saw appellant approach a Cleveland school bus full of children, which was being driven by witness Venetia Draper. Draper was forced to swerve across the center line to avoid hitting the appellant. Once she slowed down, the appellant grabbed on to the mirror on the passenger side of the bus and insisted he be let on board. Draper refused and began to pull away, forcing the appellant to let go.
 {¶ 4} Thereupon, Officer Cox called for backup and approached the appellant. Although Cox had identified himself as a police officer, the appellant refused to comply with the officer's instruction to get down on the ground. Another officer, Slatkovsky, arrived on the scene to assist Officer Cox in subduing the appellant. While they were struggling with the appellant, he drew a knife and swung it at Officer Cox. Cox was unhurt, and the officers were able to subdue and arrest him.
 {¶ 5} Appellant testified on his own behalf. Although he admitted to running in and out of traffic, he alleged that he was chasing his car, which had been stolen from him at least a week earlier. He testified that he had been robbed of ten dollars by his some-time drug dealer that morning and had picked up a knife to protect himself from the menacing individuals he alleged were following him after the robbery. He then averred that he did not swing a knife at the officers and that he had placed the knife in question on the ground when ordered to submit by the officers.
 {¶ 6} Appellant also testified that he was unaware that Officer Cox was indeed a police officer, even though he testified the officer was wearing his uniform pants and a "Cleveland Police" t-shirt and engaged in recognizable police procedures. Finally, appellant gave much testimony as to the fact that he broke his toe while trying to board the school bus. Pursuant to presentence psychological testing, appellant was determined to have an I.Q. of 58; he testified that is unable to read or write.
 {¶ 7} Appellant presents five assignments of error.
 {¶ 8} "I. Defendant was denied a fair and just trial guaranteed by the due process provisions of Article I, Section 16
of the Ohio Constitution and the Fourteenth Amendment of the United States Constitution where the verdict was not supported by the weight of the evidence."
 {¶ 9} The standard employed when reviewing a claim based upon the weight of the evidence is not the same standard to be used when considering a claim based upon the sufficiency of the evidence. Instead, "the [appellate] court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether in resolving conflicts in the evidence the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v.Martin (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717, citingTibbs v. Florida (1982), 457 U.S. 31, 102 S.Ct. 2211,72 L.Ed.2d 752.
 {¶ 10} A reasonable trier of fact could have believed the testimony of the prosecution witnesses regarding what occurred on the day of appellant's arrest, and we find their testimony to be credible. In fact, appellant did not contest many of the facts to which the witnesses for the prosecution testified. Appellant testified on his own behalf and admitted to darting in and out of traffic, attempting to board the bus, possessing the knife and recognizing Officer Cox as a police officer prior to his apprehension.
 {¶ 11} Nevertheless, appellant again argues that he cannot be convicted of felonious assault because he denied swinging the knife at Officer Cox and the officer was not harmed during the incident.
 {¶ 12} Regardless of the chance of success of actually harming one of the arresting officers, a reasonable jury could have concluded from the testimony presented that appellant did swing the knife and that he intended to cause harm during his attempt to do so.
 {¶ 13} After a review of the entire record, and after weighing the testimony of the witnesses and the evidence presented, we do not find the appellant's version of events to be credible. We cannot find that the jury lost its way in this case, and the first assignment of error is overruled.
 {¶ 14} "II. Defendant's right to due process under Article I, Section 16 of the Ohio Constitution and the Fourteenth Amendment to the United States Constitution where the verdict was not supported by the sufficient evidence." (sic)
 {¶ 15} A judgment will not be reversed upon insufficient or conflicting evidence if it is supported by competent credible evidence which goes to all the essential elements of the case.Cohen v. Lamko (1984), 10 Ohio St.3d 167, 462 N.E.2d 407.
 {¶ 16} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. (Jackson v. Virginia [1979], 443 U.S. 307,99 S.Ct. 2781, 61 L.Ed.2d 560, followed.)" State v. Jenks (1991),61 Ohio St.3d 259, at paragraph 2 of the syllabus, 574 N.E.2d 492.
 {¶ 17} Whether the evidence is legally sufficient to sustain a verdict is a question of law. State v. Robinson (1955),162 Ohio St. 486, 55 Ohio Op. 388, 124 N.E.2d 148; State v.Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541. A conviction based on legally insufficient evidence constitutes a denial of due process. Id. at 386-387, citing Tibbs v. Florida
(1982), 457 U.S. 31, 102 S.Ct. 2211, 2220, 72 L.Ed. 2d 652, 663.
 {¶ 18} After a review of the record in this case, and viewing the evidence presented in the light most favorable to the prosecution, we are able to determine that there is sufficient evidence to sustain appellant's conviction. R.C. 2903.11(A)(2) provides in pertinent part: "No person shall knowingly * * * cause or attempt to cause physical harm to another * * * by means of a deadly weapon or dangerous ordnance." From the record presented, it is clear that appellant was in possession of a dangerous ordnance — a knife — and two police officers testified that he threatened at least one of them with it during his arrest. The fact that the officers were not injured is of no consequence in the jury's determination that appellant attempted to cause physical harm by wielding the knife.
 {¶ 19} For these reasons, we find that a rational jury could have found the essential elements of the crime for which appellant was convicted proved beyond a reasonable doubt, and appellant's second assignment of error is overruled.
 {¶ 20} "III. Defendant was denied his rights to due process and effective assistance of counsel guaranteed by Article I, Section 10 of the Ohio Constitution and the Sixth andFourteenth Amendments to the United States Constitution when he was incarcerated for several months without the benefit of counsel so that assigned indigent counsel had only ten days prior to trial to prepare, depriving him of an opportunity to object or raise issues on a timely basis at pretrial or trial, denying him an opportunity to effectively assist with the preparation for trial, and waive all issues not objected to which are not plain error." (sic)
 {¶ 21} In order to substantiate a claim of ineffective assistance of counsel, the appellant is required to demonstrate that: 1) the performance of defense counsel was seriously flawed and deficient; and 2) the result of the appellant's trial or legal proceeding would have been different had defense counsel provided proper representation. Strickland v. Washington
(1984), 466 U.S. 668; State v. Brooks (1986),25 Ohio St.3d 144.
 {¶ 22} In reviewing a claim of ineffective assistance of counsel, it must be presumed that a properly licensed attorney executes his legal duty in an ethical and competent manner.State v. Smith (1985), 17 Ohio St.3d 98; Vaughn v. Maxwell
(1965), 2 Ohio St.2d 299.
 {¶ 23} The Supreme Court of Ohio, with regard to the issue of ineffective assistance of counsel, held in State v. Bradley
(1989), 42 Ohio St.3d 136, that "[w]hen considering an allegation of ineffective assistance of counsel, a two-step process is usually employed. First, there must be a determination as to whether there has been a substantial violation of any of defense counsel's essential duties to his client. Next, and analytically separate from the question of whether the defendant'sSixth Amendment rights were violated, there must be a determination as to whether the defense was prejudiced by counsel's ineffectiveness." State v. Lytle (1976), 48 Ohio St.2d 391,396-397 (vacated in part on other grounds), (1978), 438 U.S. 910. This standard is essentially the same as the one enunciated by the United States Supreme Court in Strickland v. Washington
(1984), 466 U.S. 668.
 {¶ 24} "Even assuming that counsel's performance was ineffective, this is not sufficient to warrant reversal of a conviction. `An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. Cf. United States v. Morrison (1981), 449 U.S. 361, 364-365.'Strickland, supra, at 691. To warrant reversal, `[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'Strickland, supra, at 694. In adopting this standard, it is important to note that the court specifically rejected lesser standards for demonstrating prejudice. * * *.
 {¶ 25} "Accordingly, to show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." State v. Bradley, supra, at 141, 142.
 {¶ 26} In the instant case, appellant presents a laundry list of alleged errors made by the trial counsel, but fails to demonstrate how the outcome of his trial would have been different, even if trial counsel's representation was somehow deficient. Appellant first argues that because his original court-appointed attorney was replaced by another assigned counsel ten days before trial, he was deprived of a fair hearing. In reviewing the transcript of proceedings, we do not find that is the case. Trial counsel fully participated in all proceedings relative to appellant's case, and we cannot determine from the record presented any unreasonable or dilatory trial tactics employed such that appellant was denied the effective assistance of counsel. We make similar findings as to appellant's other allegations of attorney error; for example, appellant's assertions as to failure to request additional jury instructions, failure to object to certain lines of questioning, and failure to file a motion to compel the production of the transcript of the preliminary hearing. These are all "judgment call" decisions for trial counsel to make, and appellant cannot merely second guess legal strategy without providing evidence of how his trial may have been different but for these supposed errors. Appellant's third assignment of error is overruled.
 {¶ 27} "IV. The court permitted plain error when it: ordered continued deliberations after a verdict which was not unanimous which worked to defendant's actual and substantial disadvantage, infecting the trial with error of constitutional dimensions."
 {¶ 28} Appellant argues that the court's failure to grant a mistrial when the jury was initially polled constitutes reversible error. The grant or denial of a motion for mistrial is within the sound discretion of the trial court. State v. Ayala
(1996), 111 Ohio App.3d 627, 676 N.E.2d 1201; State v. Garner
(1995), 74 Ohio St.3d 49, 656 N.E.2d 623. An abuse of discretion implies that the court's attitude is unreasonable, arbitrary or unconscionable. State v. Clark (1994), 71 Ohio St.3d 466, 470,644 N.E.2d 331; State v. Moreland (1990), 50 Ohio St.3d 58, 61,552 N.E.2d 894; State v. Adams (1980), 62 Ohio St.2d 151, 157,404 N.E.2d 144. In order to have an abuse of discretion, the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias. Nakoffv. Fairview Gen. Hosp. (1996), 75 Ohio St.3d 254, 256,662 N.E.2d 1. Moreover, when applying the abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court. In re Jane Doe I (1991),57 Ohio St.3d 135, 138, 566 N.E.2d 1181; Berk v. Matthews
(1990), 53 Ohio St.3d 161, 169, 559 N.E.2d 1301.
 {¶ 29} Crim.R. 31(D) states: "When a verdict is returned and before it is accepted the jury shall be polled * * * If upon the poll there is not unanimous concurrence, the jury may be directed to retire for further deliberation or may be discharged." The decision to order the jury to continue deliberations is within the sound discretion of the trial court. State v. Edge,
Cuyahoga App. No. 80919 at 5, 2003-Ohio-424, citing Perez v.Falls, 87 Ohio St.3d 371, 375, 2000-Ohio-453, 721 N.E.2d 47;State v. Robb, 88 Ohio St.3d 59, 2000-Ohio-275,723 N.E.2d 1019.
 {¶ 30} In the instant case, the jury returned from deliberations with a verdict; however, when the trial court polled the jurors, Juror Number 8 indicated that she had signed the verdict form, but she was not in concurrence with the "guilty" verdict. At this, the trial court instructed the jurors to continue deliberations. Outside the presence of the jury, defense counsel made a motion for a mistrial, which was denied. The jury subsequently returned with a unanimous verdict. The trial court again polled the jurors, and Juror Number 8 this time expressed no disagreement with the verdict of guilty. Appellant offers no evidence of coercion or other foul play other than the fact that this juror changed her mind during the resumed deliberations. Therefore, we cannot find that the trial court abused its discretion in this situation, and appellant's fourth assignment of error is overruled.
 {¶ 31} "V. Prosecutorial misconduct was such that plain error occurred when he repeatedly gave his opinion as to whether another witness is being truthful so that his opinion acted as a litmus test of the key issue of credibility and infringed upon the role of the fact finder who is charged with making determinations of veracity and credibility, where the jurors could have viewed prosecutor as an expert when giving such opinions based on his previous experience with other cases."
 {¶ 32} Generally, conduct of a prosecuting attorney at trial shall not be grounds for reversal unless the conduct deprives the defendant of a fair trial. State v. Apanovich (1987),33 Ohio St.3d 19; State v. Papp (1978), 64 Ohio App.2d 203. An appellant is entitled to a new trial only when a prosecutor asks improper questions or makes improper remarks and those questions or remarks substantially prejudice appellant. State v. Smith
(1984), 14 Ohio St.3d 13. In analyzing whether an appellant was deprived of a fair trial, an appellate court must determine whether, absent the improper questions or remarks, the jury still would have found the appellant guilty. State v. Maurer (1984),15 Ohio St.3d 239, 266; State v. Dixon (Mar. 13, 1997), Cuyahoga App. No. 68338. The touchstone of due process analysis in cases of alleged prosecutorial misconduct is "the fairness of the trial, not the culpability of the prosecutor." Smith v.Phillips (1982), 455 U.S. 209 at 219.
 {¶ 33} It is improper for an attorney to express his personal belief or opinion as to the credibility of a witness or as to the guilt of the accused. State v. Thayer (1931), 124 Ohio St. 1; DR 7-106(C)(4) of the Code of Professional Responsibility (the "Code"). The Code further provides that an attorney is not to allude to matters which will not be supported by admissible evidence. DR 7-106(C)(1). Moreover, the prosecution must avoid insinuations and assertions that are calculated to mislead the jury. Berger, supra, 295 U.S. at 88, 55 S.Ct. at 633. However, even if a prosecutor's statements are improper, reversal for prosecutorial misconduct is warranted only if it "permeates the entire atmosphere of the trial." State v. Tumbleson (1995),105 Ohio App.3d 693 at 699, citing United States v. Carner (C.A. 6, 992), 955 F.2d 441, 456, certiorari denied (1992), 505 U.S. 1227.
 {¶ 34} In the instant case, appellant argues that he was denied a fair trial because the prosecutor sufficiently undermined his credibility and character upon cross-examination. We disagree. The prosecutor inquired, during cross-examination, into appellant's extensive criminal record. Appellant admitted to having a criminal record and a drug addiction on direct examination and did not object to the introduction of his past offenses. Reviewing appellant's testimony in its entirety, we cannot identify any improper remarks or questions posed by the prosecutor that were calculated to mislead or confuse the jury. It appears from the record that the prosecutor engaged in proper cross-examination, in large part inquiring further into statements made by the appellant on direct examination. Moreover, it does not appear that the prosecutor impermissibly injected his own beliefs into either the examination of witnesses or the argument in this case. Therefore, we decline to find that the appellant was deprived of a fair trial, and his fifth assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kilbane, P.J., and Karpinski, J., Concur.